H. C. BREIMEYER et al., Respondents, v. STAR
BOTTLING COMPANY et al., Appellants.

St. Louis Court of Appeals, May 7, 1912.

1. **INJUNCTIONS: Violation: Contempt Charge: Defenses.**
Where a corporation and its officers were enjoined from col-
lecting, buying, and receiving, and selling to the trade, any
bottles or siphons containing the trade names of individuals
composing a certain association of bottlers, the fact that the
association had bottles of the corporation and its lessee (both
of whom were charged with violating the injunction) and that
the corporation and its lessee were entitled to equitable relief
against said individuals or said association, did not excuse a
violation of the injunction by them; their remedy being by an
independent action.

2. ———: ———: ———: **Parties Liable.** A corporation and its
officers were enjoined from buying and selling bottles con-
taining the trade names of individuals composing a bottler's
association. Thereafter, an officer of the corporation, with
notice of the injunction, became the lessee of the corporation,
carrying on its business on his own behalf. The corporation
permitted him to use its corporate name in front of his place
of business and on its wagons and to use its labels on bottles
containing the complainants' trade names, and the lessee,
while conducting the business in this manner, with the aid of
the corporation, violated the injunction, by using bottles con-
taining the complainants' trade names. *Held*, that both the
corporation and the lessee were guilty of contempt for such
violation.

Appeal from St. Louis City Circuit Court.—*Hon.
George H. Shields*, Judge.

AFFIRMED.

*F. A.* and *L. A. Wind* for appellants.

(1) By the judgment defendants are punished for
offenses substantially different from that charged in
the petition, and therefore cannot be sustained. In re
Reese, 47 C. C. A. 87, following and distinguishing In
re Lemon, 166 U. S. 548. (2) Wm. Freudenau, as

lessee, is not bound by the injunction against the Star
Bottling Company, nor is the Star Bottling Company
liable, as lessor, for the acts of its lessee.    Batterman
v. Fine, 32 How. Pr. 501; Buhlman v. Humphrey, 86
Iowa, 602; Barthe v. Larquie, 7 So. Rep. 80.    The fact
that Wm. Freudenau was an officer and active man-
ager of its business at the time injunction was granted,
does not make him subject to the order after he has
severed his connection with the Star Bottling Company
and while he is acting in an independent capacity.
Batterman v. Fine, 32 How. Pr. 501; Barthe v.
Larquie, 7 So. Rep. 80; Dardinan v. Gullian, 79 Fed.
785; Ore Co. v. Guadeloupe Co., 47 Fed. 356; Rail-
road v. Pa. Co., 54 Fed. 743; People v. Randall, 73 N.
Y. 416; Slater v. Morritt, 75 N. Y. 268. (3) If plaintiffs
induce a violation of the injunction by defendant, their
conduct is a waiver of the right to enforce it.    No court
should punish for violation of an order which was
caused or aided by complainant, or does no harm.
Howard v. Durand, 36 Ga. 346; Van Zandt v. Mining
Co., 48 Fed. 771; Haight v. Lucia, 36 Wis. 355; Dietrich
v. People, 51 Ill. App., 141 Ill. 665; Wilkinson v. Ins.
Co., 72 N. Y. 499.

*Frank K. Ryan* for respondents.

(1)    Where a court has jurisdiction to render a
decree, a violation of same is contempt of court, no mat-
ter how improvident or erroneous the making of such
decree may be. State ex rel. v. Horner, 16 Mo. App. 191;
State ex rel. v. Field, 37 Mo. App. 83; Campbell v.
Magnet Co., 175 Fed. 117; Vilter Co. v. Humphrey, 112
N. W. 1095; Franklin Union v. People, 220 Ill. 1001;
Papke v. Papke, 30 Minn. 260; Bagley v. Scudder, 66
Mich. 97.    (2)    The injunction in this case ran against
the Star Bottling Company, its officers, agents and ser-
vants, and was served on William Freudenau, secre-
tary and manager of that company.    A violation of
said injunction by the company, or by Freudenau,

was contempt of court, whether or not Freudenau had severed his connection with the company. High on Injunctions (4 Ed.), secs. 1440a, 1435; Societe Anonyme v. Western Dist. Co., 42 Fed. 96; Silvers v. Traverse, 82 Ia. 52; Morton v. Superior Court, 65 Cal. 496; In re Lennon, 166 U. S. 548; Diamond Co. v. Kelley, 130 Fed. 893; Campbell v. Light Co., 175 Fed. 117. (3) Where a party is cited to show cause why he should not be punished for an alleged contempt, and appears in response to such citation and answers to the merits of the charge, he waives whatever objection he might have to the jurisdiction of the court, and to any informality or irregularity in the proceedings. Papke v. Papke, 30 Minn. 260; State v. Frew, 24 W. Va. 416; Tolleson v. Bank, 85 Ga. 171; Sudlow v. Knox, 4 Abb. App. 326; Anderson v. Indianapolis Co., 72 N. E. 277; Franklin Union v. People, 220 Ill. 1001.

NORTONI, J.—Defendants were adjudged guilty of contempt for having violated a restraining order of the circuit court and prosecute an appeal here from that judgment. After considering the several arguments put forward for a reversal, we believe all of the debatable questions in the cause are sufficiently considered and disposed of in the opinion of the trial court, which we adopt. Both the facts of the case and the conclusions of law are clearly and accurately set forth in the following opinion by Judge SHIELDS who presided at the trial:

"This is a proceeding against the Star Bottling Company and William Freudenau for an order to show cause why they should not be punished for contempt of the decree and order of this court, duly rendered on the 18th day of July, 1907, enjoining and restraining the defendant, the Star Bottling Company, its officers, agents and servants, from taking possession of, collecting, gathering up or buying from second-hand

dealers or from junk dealers, and from receiving and from selling or delivering to the trade or to the public any bottles or siphons of any or either of the plaintiffs in said suit, upon which bottles or siphons were marked or printed the trade names or trade-marks of such plaintiffs respectively, and which said names and marks were fully described and set forth in the decree aforesaid.

"The petition shows that on the 23d day of July, 1907, said decree was served by the sheriff of the city of St. Louis upon the defendant, by delivering a true copy of the same to William Freudenau, who was then and there secretary and general manager of said defendant; that on January 2, 1908, the said defendant and said William Freudenau were adjudged guilty of contempt of court for violation of said decree; that on the 3d of March, 1909, said judgment and decree of this court was affirmed by the St. Louis Court of Appeals, and said decree of injunction is still in full force and effect. The petition then proceeds:

"'Your petitioner further states that said defendant, Star Bottling Company, and said William Freudenau, who at the times herein stated was and now is in full charge and control of the affairs of said Star Bottling Company, have violated and disobeyed said injunction in this, the said defendant company, by its agents and servants, acting under the direction and control of said William Freudenau, has collected, gathered up or bought from second-hand dealers, or from junk dealers, and has refilled and has sold and delivered to the trade and to the public bottles and siphons described in the decree herein and belonging to various of the plaintiffs herein.'

"The petition then sets out a detailed statement showing such purchases, refilling and sales, giving the times, places and names of purchasers at which and to whom the said defendant and Freudenau are alleged to have violated the injunction.

"An order on the Star Bottling Company and William Freudenau to show cause on Thursday, June 16, 1910, why they should not be punished for contempt as alleged in the citation was issued; and on June 13, 1910, the sheriff returned said order to show cause, showing that the same had been served on the parties defendant; and on June 16th the Star Bottling Company and William Freudenau made separate returns to the order to show cause, and the parties filed affidavits in support of and against the proceeding; and the cause was submitted on the citation and affidavits and the returns—affidavits—filed by the respondents.

"The return of the Star Bottling Company, verified by affidavit denies that it has been guilty of any violation of the injunction order, and sets up that in the fall of 1908 the Star Bottling Company found itself unable to pay its obligations incurred by it as the result of a breach of contract by the Louisiana Purchase Exposition Company, and executed a mortgage on its entire manufacturing plant to secure the payment of bonds aggregating $50,000 and to secure the payment of interest on the same, and leased said plant to William Freudenau for a period of three years, said mortgage and lease bearing date of September 15, 1908, and said William Freudenau has been in possession of said plant and operated the same for his exclusive benefit, subject to the payment of the rent reserved in the lease, and said William Freudenau was in the sole and exclusive control of said business at the time that it is alleged that defendant violated said injunction by refilling with carbonated beverages and selling to the trade bottles containing names and brands of some of the plaintiffs; and then says that said William Freudenau is neither officer, agent nor employee of the defendant, and that defendant is in no wise responsible for the acts of said William Freudenau as lessee of said plant of defendant. The return further sets up affirmatively that the plaintiffs have

diligently and maliciously endeavored to prevent the
defendant and its lessee from obeying the mandate of
this court, and have used the order of injunction as a
means to coerce the defendant into joining the Mis-
souri Bottlers' Association, and sets up other facts
argumentatively, showing that it has not violated the
injunction, and claiming that certain bottles belonging
to the respondents are in possession of the plaintiffs,
and that they refused to deliver the same to the re-
spondents and refused to exchange them for bottles of
the plaintiffs which were collected by respondents'
drivers, and praying for affirmative relief.

"The return of William Freudenau is substantial-
ly to the same effect, and in addition the statement
that the complaint herein was not made in good faith.

" 'That although the name of the Star Bottling
Company still apears on the labels and wagons the
complainants well knew that respondent was the lessee,
and that the name of the Star Bottling Company was
used to preserve the good will of the business and en-
able respondent to have the benefit thereof; that plain-
tiffs well knowing that respondent does not desire to
use bottles having any of plaintiffs' names blown
therein, caused, urged or permitted their drivers to re-
ceive and accept from their customers bottles deliv-
ered to such customers by the defendant, etc.'

"Before going into the merits of this case it may
be well to state that much of the return of both of the
respondents sets out facts which, if true, might be a
ground for equitable relief in an independent pro-
ceeding by the respondents against the plaintiffs in
the suit in which the injunction was granted. I do
not understand that such facts are any excuse for
violating the original injunction. If the respondents
have any ground of equitable complaint against the
plaintiffs in that original suit, the courts of law and
equity are both open to them. For instance, if the
claim that the Missouri Bottlers' Association (alleged

to be composed of the plaintiffs) has bottles belonging to the respondents is true, they can be recovered either in trover or by replevin; and if the respondents were entitled to equitable relief against the plaintiffs or the Missouri Bottlers' Assocation it would have to be granted in an independent proceeding. This case, as far as the injunction is concerned, was closed when the order of injunction was made by this court in 1907, and afterwards affirmed by the Court of Appeals, and the only question involved in the case, according to my judgment, is whether or not the defendants have violated that injunction.

"The main defense argued by respondents' counsel was, that William Freudenau, by virtue of the fact that he was the lessee of the Star Bottling Company and no longer an officer thereof, was not bound to obey the injunction; and cases were cited by counsel for defendants showing that under certain conditions lessees were not responsible, even though they might have knowledge of the existence of the injunction. On the other hand, cases were cited by the complainants showing that the officers of a corporation, or other parties having notice of the injunction, can not violate it with impunity.

"I have carefully read all the affidavits offered by both parties in the case, and I am satisfied that the respondents have violated the injunction order repeatedly, and that they are liable to be punished for contempt, unless the changed relation of the parties excuse them. The returns show that William Freudenau is now operating the Star Bottling Company as lessee. At the time the original injunction was granted he was an officer of that company, and the original order of injunction was served on him as such officer. He was not a party to the suit individually, but there can be no question that he had actual and official notice of the injunction. Both returns show that the Star Bottling Company had nothing whatever to do with the running

of the business at the time the citation was issued, but that it was conducted by William Freudenau for his own benefit as lessee. The affidavit of Christ Gross shows that the defendant Star Bottling Company has its place of business at numbers 1524 and 1526 North fifteenth street; that during all the time William Freudenau has been in charge of the business of the Star Bottling Company the name 'Star Bottling Company' has appeared upon the premises and still appears there; that during all said time the name 'Star Bottling Company' has appeared upon the wagons of said company and still appears there, and that affiant has seen William Freudenau in and about the premises of said Bottling Company almost daily. The return of William Freudenau shows that the name of the Star Bottling Company still appears upon the labels and wagons used by him, and that the name of the Star Bottling Company was used to preserve the good will of the business and enable the respondent to have the benefit thereof; and the affidavit filed by the complainants show that in nearly every instance where the bottles of the plaintiffs in the original injunction suit were used by the agents, drivers and employees of the respondents herein, that they had attached thereto labels showing that the bottles had been 'bottled by the Star Bottling Company.'

"Assuming, then, that William Freudenau is the lessee and carrying on the business for his own purposes, and that the Star Bottling Company has no interest in the business now, it has suffered its lessee to retain the name of the company on the premises and upon its delivery wagons and to place its labels on the bottles of plaintiffs (in the original injunction) used by said Freudenau. If courts, under circumstances like these, were unable to enforce their injunctions by reason of the change of the relation between the company and its lessee, then all any corporation would have to do, when enjoined, would be to lease its prop-

erty to one of its officers, and continue in its violation of the injunction with impunity. William Freudenau was an officer of the company and had full notice, as officer and individually, of the injunction when it was originally granted. He has been using the name of the company on its place of business, its wagons and labels. His agents and employees have refilled and sold plaintiffs' bottles in violation of the injunction according to the evidence in this case. The Star Bottling Company has been aiding and abetting him by permitting him to use its corporate name on its wagons and labels, as developed in the evidence herein. The judgment of the court is that William Freudenau and the Star Bottling Company are both in contempt of the original order of this court. This is the second time that these parties have been brought before this court for a violation of this injunction (not, however, before the present judge of this court). The first time they were fined twenty-five dollars and the costs of the proceeding. So that there is no excuse for a second violation of the injunction. The judgment of the court is that William Freudenau and the Star Bottling Company are adjudged guilty of contempt of this court in violating the injunction of this court in the case of H. C. Breimeyer and others against the Star Bottling Company, No. 43020, made and entered on the 18th day of July, 1907, and are fined $100 each and the costs of this proceeding.''

For authorities supporting the conclusions of law above announced, reference is made to the briefs of counsel reported herewith. We fully and freely concur in the views expressed by the circuit judge in the above opinion, and for the reasons there stated, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.